

Gaynell C. Methvin, Johnson & Swanson, Dallas, Tex., for plaintiff-appellant.

Kenneth R. Adamo, Jones, Day, Reaves & Pogue, Dallas, Tex., for defendant-appellee.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

**SYRELEC, Plaintiff–Appellant,**

v.

**PASS & SEYMOUR, INC., Defendant–Appellee.**

No. 88–1780
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 10, 1989.

Marcel Hoste worked as a technician and engineer for Syracuse Electronics in the mid–1960's. He then returned to his native France and started a business named "Sedelec." Hassan Kadah, president of Syracuse Electronics, became a 50% owner of Sedelec, giving Sedelec the exclusive right to manufacture and distribute certain Syracuse Electronics products in Europe. Kadah and Hoste decided to change the name of Sedelec to "Syracuse Electronics France." Sometime in 1971, Kadah stepped down as president of Syracuse Electronics and sold his shares in Syracuse Electronics France. Relations between the two companies ended. Syracuse Electronics was eventually acquired by appellee, Pass & Seymour, Inc.

In 1978, Syracuse Electronics France changed its name again to "Syrelec." It began using this trademark:

In 1980, Syrelec commenced marketing its products in the United States and applied for registration of its trademark. Regis-

tration was granted on October 27, 1981. On July 1, 1982, PSI filed a petition with the U.S. Patent and Trademark Office seeking cancellation of Syrelec's registration, arguing that there was a likelihood of confusion between the Syrelec mark and the name Syracuse Electronics. The Trademark Trial and Appeal Board agreed, cancelling Syrelec's registration on the ground that the two trademarks "as a whole are sufficiently similar that their use in connection with identical goods would be likely to cause confusion as to source." The district court affirmed.

On appeal, Syrelec does not challenge the factual finding of a likelihood of confusion between the trademarks. It makes only a legal argument. In Syrelec's view, the TTAB and the district court erred in failing to require Syracuse Electronics to demonstrate that the abbreviation of its name, Syr. Elec., had acquired a secondary meaning. "A secondary meaning arises when the primary significance of the trademark in the minds of the consuming public is to identify the producer." *Louisiana World Exposition v. Logue*, 746 F.2d 1033, 1040 n. 7 (5th Cir.1984). Thus, Syrelec contends that Syracuse Electronics had the legal burden of showing, not only that its full name was entitled to legal protection, but that the same was true of the abbreviated form.

We reject appellant's argument. PSI's theory for cancelling Syrelec's trademark rested on the likelihood of confusion between the Syrelec mark and the full name, "Syracuse Electronics." That one mark abbreviates the other was merely evidence bearing on the ultimate factual conclusion drawn by TTAB and the district court. Syracuse Electronics was not attempting to obtain protection for an abbreviation of its trade name, but for its full name.

Appellant cites two cases for the proposition that "an abbreviation, like any other unregistered mark, will only be protected if it has acquired secondary meaning." *Continental Corrugated Container Corp. v. Continental Group*, 462 F.Supp. 200, 204 (S.D.N.Y.1978); *I.H.T. Corp. v. Saffir Pub. Corp.*, 444 F.Supp. 185, 189 (S.D.N.Y.1978).

These cases are inapposite given PSI's theory advanced below. PSI sought protection of its entire trade name, not merely of an abbreviation of that name. Further, these cases are distinguishable. In one case cited by appellant, the abbreviation for which protection was sought was a descriptive term. *Continental Corrugated*, 462 F.Supp. at 205 (combinations of descriptive terms like "continental corrugated" are not protected absent proof of secondary meaning). In the other case, the abbreviation in issue, "Trib," was commonly used to identify newspapers having "Tribune" in their name. *I.H.T. Corp.*, 444 F.Supp. at 189. In this case, by contrast, the abbreviation "Syr. Elec." is neither descriptive nor commonly used. Given that circumstance, Syracuse Electronics did not need to demonstrate that the abbreviation had acquired a secondary meaning.

The only other case relied on by appellant is *Purolator, Inc. v. EFRA Distributors, Inc.*, 524 F.Supp. 471 (D.P.R.1981), *aff'd*, 687 F.2d 554 (1st Cir.1982). We read that case to support our analysis. In *Purolator*, defendant's use of the name "Puro Filter," was held to be an infringement of plaintiff's "Purolator" trademark. It is clear that the primary issue, particularly in the First Circuit opinion, was the likelihood of confusion between the two full trademarks. *See* 687 F.2d at 559–60. The fact that the public identified the shorthand "Puro" with the products of "Purolator" was used merely as evidence on the issue of likelihood of confusion. *Id.* at 560. The First Circuit said nothing to indicate that Purolator was legally required to demonstrate a secondary meaning for the root, "Puro."

AFFIRMED.